FILED
JUL 1 4 2010
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EDWIN A. GRANING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. A10CA523 LY |
| vs. | § | |
| | § | |
| CAPITAL AREA RURAL | § | |
| TRANSPORTATION SYSTEM | § | |
| ("CARTS"), | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes Edwin A. Graning, the plaintiff in the above-styled and numbered cause, complaining of the defendant Capital Area Rural Transportation System ("CARTS"), and as and for his cause of action against said Defendant, says the following on information and belief:

### JURISDICTION

1. This is a civil action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, wherein Plaintiff alleges that his former employer, the defendant, CARTS, discriminated against him on the basis of his religion. This Court has jurisdiction by operation of 28 U.S.C. §§ 1331 and 42 U.S.C. § 2000e-5.

2. All conditions precedent to jurisdiction under 42 U.S.C. § 2000e-5(f)(3) have been met.

3. Plaintiff was issued a Notice of Right to Sue by the EEOC on April 27, 2010. This Complaint has been filed within 90 days of the issuance of the Notice of Right to Sue.

1

## VENUE

4. Venue is proper in this judicial district and division, pursuant to 28 U.S.C. § 1391(b)-(c) and 42 U.S.C. § 2000e-5, because the unlawful employment practice giving rise to plaintiff's claim occurred within this judicial district and division.

## PARTIES

5. Plaintiff, Edwin A. Graning, is a citizen of the United States who resides in Kyle, Hays County, Texas. At all times relevant hereto, Graning was an "employee" of the defendant, CARTS, as that term is defined at 42 U.S.C. § 2000e(f).

6. Defendant, CARTS, is a Rural Transit District organized pursuant to Tex. Transp. Code § 458.010 providing transit services to residents of nine counties in the region surrounding the City of Austin. CARTS is an "employer" as that term is defined at 42 U.S.C. § 2000e(b).

## FACTS

7. Plaintiff, Edwin A. Graning, worked as a bus driver for CARTS from April 1, 2009, through January 29, 2010, when he was fired.

8. On January 29, 2010, Plaintiff was given the assignment to transport a client to Planned Parenthood in Austin. Plaintiff was told he was to pick up the client and another woman and transport them to Planned Parenthood at 7:30 am.

9. Concerned that he might be transporting a client to undergo an abortion, Plaintiff called his supervisor and told her that, in good conscience, he could not take someone to have an abortion. Plaintiff is an ordained Christian minister who is strongly opposed to abortion. His religious views were known to his employer.

10. Plaintiff's supervisor immediately responded by saying, "Then you are resigning." Plaintiff responded by denying that he was resigning.

11. Sometime after Plaintiff spoke to his supervisor, the main dispatcher called Plaintiff and asked what was happening. Plaintiff explained his position and was told to drive his bus back to the yard and park it. Plaintiff's employment was thereupon terminated.

12. Plaintiff's last day of employment with CARTS was January 29, 2010.

13. As a direct and proximate result of the action of CARTS in terminating his employment, Plaintiff has suffered loss of income and benefits, and continues to incur same, along with anxiety and mental anguish.

## CAUSE OF ACTION

14. The allegations in the preceding paragraphs are hereby incorporated by reference.

15. The action of CARTS in terminating Plaintiff's employment violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a), by discriminating against him based on his religion and the exercise of his religious beliefs.

16. As a direct and proximate result of the action of CARTS, Plaintiff is entitled to the relief set forth in the Prayer for Relief.

## PRAYER FOR RELIEF

17. Wherefore, as set forth in this complaint, Plaintiff respectfully requests that the court grant him the following relief, and any other relief this court deems just and appropriate: all remedies available to him under 42 U.S.C. § 2000e-5, including but not limited to

(a) reinstatement,

(b) back pay,

(c) front pay in lieu of reinstatement,

(d) compensatory damages for pain, suffering, and emotional distress,

(e) interest,

(f) attorney's fees, and

(g) costs of this action.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a jury trial.

Dated this 13th day of July, 2010,

Francis J. Manion*
Kentucky Bar No. 85594
*Counsel for Plaintiff*

American Center for Law & Justice
6375 New Hope Road
New Hope, Kentucky 40052
Telephone: 502-549-7020
Facsimile: 502-549-5252
Email: fmanion@aol.com
Email: grsurtees@gmail.com
* Pro hac vice application pending

Edward L. White III*
Michigan Bar No. P62485
*Counsel for Plaintiff*

American Center for Law & Justice
5068 Plymouth Road
Ann Arbor, Michigan 48105
Telephone: 734-662-2984
Facsimile: 734-302-1758
Email: ewhite@aclj.org
* Pro hac vice application pending

Thomas S. Brandon, Jr.
Texas Bar No. 02881400
*Counsel for Plaintiff*

*Of Counsel:*

Whitaker, Chalk, Swindle & Sawyer, L.L.P.
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102-4186
Telephone: 817-878-0500
Facsimile: 817-878-0501
Email: tbrandon@whitakerchalk.com